UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUIKTRAK, INC.,

        Plaintiff,

v.

DELBERT HOFFMAN, et al.,

        Defendant.
                               /

File No. 1:05-CV-384

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes to the Court in a rather unusual procedural context. Presently before the Court are two opposing motions to dismiss. Both parties seek to dismiss the conversion claim asserted against Defendant Delbert Hoffman. Plaintiff Quiktrak, Inc. seeks to voluntarily dismiss the claim without prejudice by way of a motion pursuant to FED. R. CIV. P. 41(a)(2). Hoffman seeks to dismiss the claim with prejudice through a motion for summary judgment pursuant to FED R. CIV. P. 12(b)(6) or 56. Essentially, the issue raised in the parties' respective motions is whether Quiktrak's claim against Hoffman should be dismissed with or without prejudice. Because Hoffman has failed to show that he would suffer plain legal prejudice from a dismissal without prejudice, *see Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994), the Court grants Quiktrak's motion for voluntary dismissal. Consequently, Hoffman's motion for summary judgment is denied as moot.

I.

This case arises out of the business relationship between Deere Credit Services, Inc. ("John Deere") and Tailored Lawn and Turf Equipment, Inc. ("Tailored Lawn"). Tailored Lawn was an authorized John Deere products dealer. John Deere provided Tailored Lawn with financing for Tailored Lawn's inventory under a "floor planning" arrangement. Quiktrak is an independent inventory verification service company employed by John Deere to audit equipment at each John Deere dealer's place of business. Quiktrak employed two independent contractors, Daniel Cleveland and DC Computer Services, Inc., to conduct an audit of Tailored Lawn's equipment.

Quiktrak alleges that Cleveland and DC Computer did not conduct proper audits and that Tailored Lawn sold equipment "out of trust."[1] On June 3, 2005, Quiktrak filed suit against Delbert Hoffman, Bruce Brower, Luann Brower, David Hoffman and Daniel Cleveland.[2] Quiktrak alleges numerous claims against Defendants including: breach of guaranty agreement, fraud, breach of contract, and tortious interference with a contract. Relevant to the present matter before the Court, is the sole claim against Delbert Hoffman. Quiktrak has alleged the following:

---

[1] Quiktrak and John Deere have entered into a settlement agreement through which John Deere has assigned to Quiktrak all claims "against [Tailored Lawn], any guarantors or any other third parties." Exhibit 4, Settlement Agreement, Pl.'s Res. Br. (Docket #41).

[2] Quiktrak has amended its complaint on two occasions, adding DC Computer Services, Inc. as a defendant. *See Quiktrak v. Hoffman*, 1:05-CV-384, Docket #'s 17, 35.

> 43. Upon information and belief, Defendant Delbert Hoffman is in possession or has control of equipment that was the property of Tailored Lawn & Turf Equipment, Inc. Defendant Delbert Hoffman did not pay adequate consideration for this equipment.
> 44. John Deere Company has demanded that possession of the Equipment be delivered to it, but Defendant Delbert Hoffman has refused and continues to refuse to deliver possession thereof to Plaintiff. Further, Plaintiff demands possession again, through this Complaint.
> 45. As a result of Defendant Delbert Hoffman's failure to surrender the Equipment to John Deere Company, and by reason of his continued wrongful possession thereof, Plaintiff has suffered actual damages equal to the fair market value of the Equipment plus interest.
> 46. The Equipment has been intentionally and wrongfully converted and detained by Defendant Delbert Hoffman.

Pl.'s Second Amend. Compl. ¶¶ 43-46 (Docket #35). Hoffman has denied that he wrongfully converted any John Deere equipment. Since the filing of the complaint, Quiktrak and Hoffman have been unable to reach an agreement regarding dismissal of the claim. Quiktrak wishes to dismiss the claim without prejudice so that it is not precluded from refiling if additional facts are revealed. Hoffman has refused to agree to a dismissal without prejudice. Due to the parties' inability to agree, the present motions have been filed.

II.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a), which provides in pertinent part:

> (2) By Order of the Court. Except as provided in paragraph (1) . . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(2). A voluntary dismissal without prejudice is not a matter of right. *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). The decision to grant or deny a motion for voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of the district court. *Grover*, 33 F.3d at 718. "[A] district court should [ordinarily] grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Performance Abatement Servs., Inc. v. Lansing Bd. of Water & Light*, 168 F. Supp. 2d 720, 731 (W.D. Mich. 2001) (Enslen, J.) (quoting *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)); *see also Grover*, 33 F.3d at 718; *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The Sixth Circuit has directed district courts to the following factors for guidance in determining whether a defendant will suffer plain legal prejudice: 1) defendant's effort and expense of preparation for trial; 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, 3) insufficient explanation for the need to take a dismissal, and 4) whether a motion for summary judgment has been filed by the defendant. *Id*. (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)).

Applying these factors to the present case, the Court finds that Hoffman will not suffer plain legal prejudice from the voluntary dismissal of the claim against him. Quiktrak commenced this lawsuit four months ago. Thus, while Hoffman has been required to expend some effort and incur a limited amount of expense in preparation for trial it does not rise to

the level of plain legal prejudice which would require a denial of the motion. *Compare United States v. Wetzler*, No. 92-CV-5216, 1995 U.S. Dist. LEXIS 5148, at *1-3 (W.D.N.Y. Mar. 30, 1995) (granting dismissal when litigation was in earliest stages, no discovery had taken place, and parties' activity had been limited to addressing dismissal on jurisdictional grounds rather than the merits of the case); *Der v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 345 (M.D. Fla. 1992) (granting dismissal when no discovery had been conducted, no trial date had been set, and parties had not been required to answer court's standard interrogatories); *with Zagano*, 900 F.2d at 14-15 (affirming denial of voluntary dismissal where action pending for over four years, involved extensive discovery, and plaintiff's request for dismissal was filed less than ten days before trial); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994) (denying voluntary dismissal when action had been pending for four years and discovery had been completed for twenty-two months). This case is still in its preliminary stages, a scheduling conference pursuant to FED. R. CIV. P. 16 has not taken place and a trial date has not been set. The parties have not put forth significant effort or expended a significant amount of money and neither would be prejudiced by a dismissal without prejudice at this stage.

Further, Quiktrak has not delayed the proceeding and has diligently pursued the action throughout its brief pendency. Quiktrak has asserted (and Hoffman has not denied) that shortly after Hoffman was served with the complaint, his attorneys contacted Quiktrak's counsel in an effort to dismiss the claim with prejudice. Without undue delay, Quiktrak

offered to dismiss the claim without prejudice. When the parties failed to reach an agreement, Quiktrak promptly filed the present motion to voluntarily dismiss the action. In addition, the Court does not find that Quiktrak's reason for dismissal is lacking.

The final factor, whether a motion for summary judgment has been filed by defendant, is also relevant to this case. After Quiktrak filed its motion to dismiss, Hoffman filed a motion for summary judgment contending that Quiktrak cannot satisfy its burden of proving each element of conversion. In response, Quiktrak conceded that, at this time, it does not have sufficient facts to prove that he was involved in the wrongful conversion of John Deere's equipment.

"While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993); *see also Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley*, 178 F.R.D. 328, 331 (D.D.C. 1998) ("[I]t is abundantly clear that the pendency of summary judgment motions alone is insufficient grounds for denying a motion to dismiss where, as here, the plaintiff has not been dilatory in bringing its motion.") (citing *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colorado*, 720 F. Supp. 1505, 1525 (D. Colo. 1989), *rev'd on other grounds by Johnson v. Continental Airlines Corp.*, 964 F.2d 1059 (10th Cir. 1992)). In this case, the pendency of the motion for summary judgment does not demonstrate that Hoffman will be prejudiced by a dismissal without prejudice. At this early stage of the

litigation it appears that there is no evidence showing Hoffman wrongfully converted John Deere equipment. Quiktrak, however, has shown that fraudulent activity and "out of trust" sales were occurring at Tailored Lawn. Specifically, an investigation conducted by John Deere revealed that Tailored Lawn employees, including Hoffman's son, were engaging in "out of trust" sales and fraudulent activity. *See* Schmelzer Aff.¶¶ 6-7, Exhibit 6, Pl.'s Res. Br. (Docket #41). Further, Quiktrak has asserted that while it has conducted an audit of Tailored Lawn's equipment it cannot determine the specific property which was sold "out of trust" because the audit prepared by Defendant Cleveland is not reliable. Given the circumstances, a dismissal with prejudice would be improper and could unnecessarily prejudice Quiktrak.

Conversely, Hoffman has failed to show how he would be prejudiced by a dismissal without prejudice.[3] Hoffman has denied that he converted John Deere's equipment and contends that no amount of discovery will reveal evidence of his alleged wrongful conduct. This may be true. But it does nothing to show that he will suffer any prejudice from a dismissal without prejudice. If Hoffman's denial of wrongdoing proves true, he will not be subject to a future lawsuit. *See* Pl.'s Res. Br. at 7 (Docket #41). If the Court, however, granted summary judgment at this stage and, after further investigation, Quiktrak discovered

---

[3]Hoffman combined his response to Quiktrak's motion for voluntary dismissal with his own motion for summary judgment. *See Quiktrak v. Hoffman, et al.*, No. 1:05-CV-384 (Docket #28). Hoffman, however, focused exclusively on the grounds for granting his motion for summary judgment and did not address the relevant "plain legal prejudice" inquiry in a motion for voluntary dismissal.

Hoffman did in fact engage in wrongful conduct, Quiktrak would be unable to seek redress for his actions. Such an outcome would be unnecessarily prejudicial to Quiktrak.[4]

More importantly, Hoffman has not shown any prejudice that would result from dismissal without prejudice. At best, Hoffman has shown that in the event the case is dismissed without prejudice he may be subject to a second lawsuit in the future. This possibility, however, does not constitute plain legal prejudice. *See Grover*, 33 F.3d at 718. ("[T]he mere prospect of a second lawsuit" is not plain legal prejudice) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic*, 855 F.2d at 473). Moreover, any potential prejudice from the possibility of a second lawsuit is mitigated by the fact that Quiktrak has asserted that it will not refile its claim against Hoffman unless further investigation reveals that he was involved in the fraudulent activities. In light of the early stage of this case, Quiktrak's diligence in pursuing this mater, and the absence of prejudice to Hoffman, the Court finds that, on balance, the circumstances of this case favor granting a dismissal without prejudice.

---

[4] While the Court is mindful that in considering a motion for voluntary dismissal without prejudice the principal interest at stake is prejudice to the defendant, *see, e.g., Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985), the Court must "weigh the equities and do justice to all the parties in the case." 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.40[5][a] (Matthew Bender 3d ed.) (collecting cases).

Accordingly, Quiktrak's motion for voluntary dismissal without prejudice is granted. Hoffman's motion for summary judgment is denied as moot. An order will be entered consistent with this opinion.

Date:   October 6, 2005            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE